IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Joseph L. McDonald et al.,**

      **Plaintiffs,**

v.                                                                                  Case No. 08-2473-JWL

**Kellogg Company,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the Kansas Minimum Wage and Maximum Hours Law (KMWMHL), K.S.A. § 44-1201 et seq., and violations of the Kansas Wage Payment Act (KWPA), K.S.A. § 44-313 et seq. This matter is before the court on defendant's motion to dismiss and for a more definite statement (doc. 34). As will be explained, the motion is granted in part and denied in part.

**Plaintiffs' FLSA Claims**

Defendant moves to dismiss that portion of plaintiffs' complaint that seeks injunctive relief with respect to plaintiffs' FLSA claims on the grounds that such relief is not available to a private litigant. *See Howard v. City of Springfield*, 274 F.3d 1141, 1144-45 (7th Cir. 2001) ("Courts facing the issue have uniformly held that according to that plain language, the right to seek injunctive relief [under the FLSA] rests exclusively with the Secretary of Labor.").

Plaintiffs concede the issue in their response and, thus, defendant's motion is granted. Defendant also moves to dismiss plaintiffs' complaint to the extent plaintiffs seek both interest and liquidated damages on the grounds that recovery of both is not permissible. *See Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984) ("In light of our conclusion that plaintiffs are entitled to the full award of liquidated damages, we hold that the trial court incorrectly awarded plaintiffs prejudgment interest."). In response, plaintiffs clarify that they intend to plead those remedies in the alternative and they concede that they cannot recover both. Defendant's motion, then, is granted to the extent plaintiffs' complaint is read to seek recovery of both interest and liquidated damages and is denied to the extent plaintiffs' seek those remedies as alternatives to one another.

Defendant also moves the court to order plaintiffs to provide a more definite statement with respect to their FLSA claims. According to defendant, plaintiffs' FLSA claims do not satisfy the "heightened" pleading requirements of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), because plaintiffs have not provided defendant with requisite notice of the alleged pay practices or policies at issue. Defendant contends that plaintiffs' "boilerplate" allegations that defendant has willfully failed and refused to properly pay overtime due and owing to plaintiffs are insufficient to permit defendant to mount an adequate defense. Defendant complains that it is unable to ascertain whether plaintiffs, by way of example, "are asserting that Kellogg should pay them for time spent donning and doffing their uniforms despite the lengthy practice to the contrary pursuant to a custom and practice established under a collective bargaining agreement?"

Defendant demands a level of specificity from plaintiffs' complaint that is not required

by the Federal Rules of Civil Procedure. To begin, *Twombly* rejects a heightened pleading standard. *Twombly*, 550 U.S. at 569 n.14; *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (*Twombly* sets forth "the minimal standard of notice pleading"). Indeed, federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim and that allegations need only satisfy the requirements of Rule 8. *Secretary of Labor v. Labbe*, 2008 WL 4787133, at *1 (11th Cir. Nov. 4, 2008) (in the FLSA context, *Twombly* requires only that complaint allege a failure to pay overtime compensation to covered employees); *Xavier v. Belfor USA Group., Inc.*, 2009 WL 411559, at *5 (E.D. La. Feb. 13, 2009) (plaintiffs stated a claim under FLSA where they alleged that they routinely worked more than 40 hours per week, that they were not paid overtime compensation and that they were covered employees); *Puleo v. SMG Property Management, Inc.*, 2008 WL 3889727, at *2 (M.D. Fla. 2008) (pursuant to *Twombly*, plaintiff set forth plausible claim for overtime compensation under FLSA where he alleged that he was a covered employee and that employer unlawfully withheld overtime compensation); *Uribe v. Mainland Nursery, Inc.*, 2007 WL 4356609, at *2-3 (E.D. Cal. Dec. 11, 2007) (plaintiffs' FLSA claim satisfied *Twombly* where plaintiffs alleged that defendant failed to compensate them at the appropriate rate for hours worked in excess of 40 hours per week and alleged that plaintiffs were non-exempt employees). As these courts recognize, then, *Twombly* does not increase a plaintiff's burden in the context of pleading an FLSA claim.

Here, plaintiffs have alleged that defendant has violated the FLSA through its policy and practice of refusing to pay employees, including plaintiffs, the appropriate rate for hours worked in excess of forty hours per week. Those allegations satisfy Rule 8(a). In *Chao v. Rivendell*

*Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005), the Fourth Circuit examined an FLSA complaint in which the Secretary of Labor alleged, in pertinent part, that the defendant was an employer for purposes of the FLSA and that the defendant violated the overtime provisions of the FLSA by compensating certain employees at a rate of less than time-and-a-half for the hours they worked in excess of forty hours per week. *Id.* at 344. The district court dismissed the complaint for failure to state a claim, characterizing the Secretary's allegations as "merely boilerplate recitations of the statute itself" that made it "virtually impossible for the Defendant[] to prepare a defense." *Id.*

The Fourth Circuit reversed the district court and concluded that the allegations in the complaint "clearly" satisfied Rule 8(a). *Id.* at 349. In doing so, the Fourth Circuit explained that a complaint meets Rule 8's requirements "if, in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Id.* at 348. Applying those principles, the Fourth Circuit held that the Secretary's complaint alleged each element of the FLSA claim–"and that is all that is necessary." *Id.* Addressing the district court's concern that the defendant could not "prepare a defense," the Circuit explained:

> We reemphasize that a complaint need not "make a case" against a defendant or "*forecast evidence* sufficient to *prove* an element" of the claim. It need only "*allege facts* sufficient to *state* elements" of the claim. Thus, the sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant "to prepare a defense," but merely "whether the document's allegations are detailed and informative enough to enable the defendant to respond."

*Id.* at 349 (citations and quotations omitted).

4

Although the Tenth Circuit has not addressed the sufficiency of an FLSA complaint under Rule 8(a), the Circuit has recognized that, even after *Twombly*, a complaint "need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Christensen v. Park City Mun. Corp*. 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)). The Tenth Circuit has also recognized that the degree of specificity required to satisfy Rule 8(a) "depends on the type of case," distinguishing between a "simple negligence" case and the conspiracy claim at issue in *Twombly*, where the complaint was insufficient in part because the allegations were so general as to encompass "a wide swath of conduct, much of it innocent." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiffs' complaint here sets forth a straightforward FLSA claim for overtime compensation and the allegations in the complaint, if true, establish a claim for relief. In such circumstances, the court believes that the Tenth Circuit would find the Fourth Circuit's opinion in *Rivendell Woods* persuasive and would conclude that plaintiffs' complaint here satisfies Rule 8(a). For this reason, the court rejects defendant's argument that plaintiffs have failed to adequately plead their FLSA claims and will not require plaintiffs to provide a more definite statement concerning those claims.

**Plaintiffs' KMWMHL Claims**

Defendant moves to dismiss plaintiffs' KMWMHL claims on the grounds that the statute expressly does not apply to employers who are obliged to meet the standards of the FLSA. *Dollison v Osborne County*, 241 Kan. 374, 381 (1987). Indeed, the term "employer" for purposes of the Law is defined to exclude "any employer who is subject to the provisions of the

fair labor standards act of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1202(d). Similarly, the overtime provisions of the Law expressly do not apply to "the employment of any employee who is covered under the provisions of section 7 of the fair labor standards act of 1938 (29 U.S.C.A. § 207), and as amended by the fair labor standards amendment of 1974 and any other acts amendatory thereof or supplemental thereto." K.S.A. § 44-1204(c)(1).

Through the course of briefing the issue, defendant has admitted that it is a covered employer for purposes of the FLSA and that plaintiffs are non-exempt employees for purposes of the FLSA. Plaintiffs, in turn, have conceded that their KMWMHL claims are properly dismissed. *See Lamon v. City of Shawnee*, 1990 WL 186280, at *6 (D. Kan. Oct. 4, 1990) (Kansas Minimum Wage and Maximum Hours Law claim precluded by express provisions of K.S.A. § 44-1204(c)(1) where plaintiffs were covered under overtime provisions of the FLSA). The court, then, grants defendant's motion to dismiss these claims.

**Plaintiffs' KWPA Claims**

With respect to plaintiffs' KWPA claims, defendant first moves to dismiss these claims on the grounds that the statute does not provide "any substantive right to alleged wages due." Defendant does not direct the court to any authority supporting this statement and,[1] indeed,

---

[1] Curiously, the one case cited by defendant in support of its assertion that the KWPA does not provide a substantive right to wages due in fact expressly holds that the KWPA provides a substantive cause of action to seek wages due. *See Veale v. Sprint Corp.*, 1997 WL 49114, at *2 (D. Kan. Feb. 3, 1997).

6

K.S.A. § 44-315(b) clearly states that an employer "shall be liable" to an employee for "wages due" if the employer "fails to pay an employee wages" as required by K.S.A. § 44-314. Defendant's initial argument, then, is rejected.

Defendant next contends that plaintiffs have failed to plead a willful violation of the statute such that dismissal is warranted because plaintiffs have no remedy in the absence of a willful violation. This argument is rejected. Although a plaintiff who pleads and ultimately proves a willful violation is entitled to recover a penalty in addition to the amount of unpaid wages,[2] that plaintiff is nonetheless is entitled to recover the amount of unpaid wages in the absence of a willful violation. *See Weinzirl v. Wells Group, Inc.*, 234 Kan. 1016, 1019-22 (1984) (section 44-315(b) penalty applies only in the event of a willful violation; nonwillful violation entitled employee to payment of disputed wages). The court, then, denies defendant's motion to dismiss plaintiffs' KWPA claims.[3]

In the alternative, defendant moves to dismiss the Rule 23 class allegations set forth in

---

[2]Plaintiffs contend that they have adequately pled a willful violation in connection with their KWPA claims and direct the court to paragraph 45 of their amended complaint. The court believes that this paragraph is ambiguous on the issue of willfulness. If plaintiffs intend to pursue a penalty under K.S.A. § 44-315(b), they are advised to amend their complaint, as appropriate, to clearly allege a willful violation. Such amendment must be filed no later than Monday, May 11, 2009.

[3]In the alternative, defendant moves to strike plaintiffs' claims for attorneys' fees in connection with their KWPA claims on the grounds that the KWPA does not authorize the recovery of attorneys' fees in private causes of action. Plaintiffs have not responded to this argument and, thus, appear to concede the issue. The court strikes plaintiffs' request for attorneys' fees with respect to their KWPA claims. *Shelley v. State, Dep't of Human Resources*, 27 Kan. App. 2d 715, 723 (2000) (KWPA "makes no provision for attorney fees for a private cause of action").

connection with plaintiffs' KWPA claims on the grounds that a Rule 23 opt-out class action is inherently incompatible with a § 216 opt-in collective action.[4] In response, plaintiffs assure defendant and the court that the actions are not incompatible because the relief sought by plaintiffs under the FLSA in no way overlaps with the relief sought by plaintiffs under the KWPA. Specifically, plaintiffs assert that their FLSA claims focus solely on the recovery of unpaid overtime compensation while their KWPA claims focus solely on the recovery of "improper deductions" from plaintiffs' compensation. Defendant, in turn, complains that plaintiffs' KWPA claims should then be dismissed because they have not identified any specific unlawful deductions in their complaint.

Based on plaintiffs' representations that their KWPA claims do not overlap with their FLSA claims, the court, at this juncture, denies defendant's motion to dismiss on the grounds that the claims are incompatible. That being said, because the distinct nature of plaintiffs' claims is not clear from a reading of plaintiffs' complaint, the court will require plaintiffs to amend their KWPA claims to clarify, consistent with plaintiffs' representations, that those claims are limited to unlawful deductions from plaintiffs' wages and to explain the nature of those deductions. Such amendment will enable defendant to ascertain whether it agrees with plaintiffs that the claims are entirely distinct. If defendant, after reviewing the amended complaint, remains

---

[4] By way of footnote, defendant also asserts that plaintiffs' claims for class-wide relief are "without merit" because plaintiffs' KWPA claims "are dependent upon an individualized inquiry into each employee's actual hours worked, individualized pay, overtime compensation, supervisors and job requirements." These arguments are more appropriately maintained in connection with the court's ruling on certification and are not a basis for dismissal at the pleading stage.

concerned that the claims are incompatible, defendant may renew its motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss and for a more definite statement (doc. 34) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file an amended complaint as described herein no later than **Monday, May 11, 2009.**

**IT IS SO ORDERED.**

Dated this 27th day of April, 2009, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge