IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **Joseph L. McDonald,**  )<br>**Mavis A. McDonald,**  )<br>     -and-  )<br>**Lyndon Ellis,**  )<br>  )<br>**On Behalf of Themselves and**  )<br>**All Others Similarly Situated,**  )<br>  )<br>     **Plaintiffs;**  )<br>  )<br>**vs.**  )<br>  )<br>**Kellogg Company**  )<br>  )<br>  )<br>     **Defendant.**  ) | **Case No. 08-CV-2473-JWL/JPO** |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**COME NOW** the Plaintiffs, by and through their undersigned Counsel and pursuant to Fed. R. Civ. P. 56, hereby moves for summary judgment to be entered in their favor and against Plaintiff on the grounds that there are no genuine issues as to any material fact and that Plaintiffs are entitled to summary judgment in their favor as a matter of law as to whether Section 203(o) of the Fair Labor Standards Act precludes Plaintiffs from recovering wages for those amounts of time spent gathering, donning, doffing materials, equipment, and garb, as well as recovering wages for those amounts of time spent travelling to and from their workstations after donning equipment, and prior to doffing equipment. This Motion is supported by the accompanying Memorandum of Law In Support of Plaintiffs Motion for Partial Summary Judgment; Local Rule 56.1(a) Statement of Undisputed Material Facts; and accompanying exhibits. Plaintiff is entitled to partial summary judgment in their favor on the following grounds:

1. Section 203(o) of the Fair Labor Standards Act ("FLSA") does not bar Plaintiffs' claims for compensation for time spent donning and doffing clothing and standard equipment at the Kansas City, Kansas, "Sunshine Plant." Specifically, the time hourly production workers at the Plant spent donning and doffing the company provided uniforms and equipment they wore does not amount to "changing clothes" within the meaning of Section 203(o), and throughout the relevant time period there has been no acquiescence to a "Custom and Practice" of noncompensation for the time period between Kellogg and the Union which would preclude Plaintiffs from being entitled to any additional compensation for these activities. *See* 29 U.S.C. § 203(o).

2. Regardless of the compensability of time spent gathering, donning and doffing materials, equipment and garb, such activity is "integral and indispensable" to hourly production workers' work, and thus, under the "continuous workday rule," time spent travelling to and from their workstations post-donning, and pre-doffing, is compensable under the Fair Labor Standards Act.

**WHEREFORE**, based on the foregoing grounds and, Plaintiffs respectfully request that the Court grant their Motion for Partial Summary Judgment.

Respectfully Submitted,

*s/Michael Hodgson*
Michael Hodgson KS # 21331
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
Tel: (913) 696-0925
Fax: (913) 696-0468
mhodgson@mbradylaw.com

CERTIFICATE OF SERVICE

       I hereby certify that on February 26, 2010, Plaintiffs served the above and foregoing Motion for Partial Summary Judgment, via CM/ECF upon:

Erin A. Webber, MO #70548
LITTLER MENDELSON, P.C.
2300 Main Street, Suite 900
Kansas City, MO  64108
816.448.3558
816.817.0735
ewebber@littler.com

James N. Boudreau, PA #77891
Christina T. Tellado-Winston PA #204206
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102
267.402.3000
267.402.3131
jboudreau@littler.com
cwinston@littler.com
**ATTORNEYS FOR DEFENDANT**

                                  *s/Michael Hodgson*