**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

Joseph L. McDonald, Mavis A.
McDonald and Lyndon Ellis,

      **Plaintiffs,**

v.                                                                 Case No. 08-2473-JWL

**Kellogg Company,**

      **Defendant.**

## MEMORANDUM & ORDER

On October 29, 2010, the court held a motion hearing with the parties concerning defendant's motion to reconsider (doc. 169) a portion of the court's September 16, 2010 memorandum and order resolving the parties' cross-motions for summary judgment on the application of 29 U.S.C. § 203(o). Specifically, defendant moves for reconsideration of that order to the extent the court concluded, as a matter of law, that plaintiffs' donning and doffing activities are integral and indispensable to plaintiffs' principal work activities such that plaintiffs' donning and doffing activities are sufficient to trigger the continuous workday rule. According to defendant, the court should enter judgment in favor of defendant on that issue in light of defendant's asserted "non-captive changing policy" which defendant contends precludes the conclusion that plaintiffs' donning and doffing activities are principal activities.

As set forth in full on the record, defendant's motion for reconsideration is granted in part and denied in part. The court disagrees that defendant's evidence concerning its non-captive changing policy mandates judgment in its favor. The court's conclusion, however, that

plaintiffs' donning and doffing activities are integral and indispensable to plaintiffs' principal work activities was premature in light of the fact that the parties had agreed to limit their initial summary judgment briefs to the application of section 203(o) (although both parties' briefs went beyond that issue) and defendant expressly reserved the right to raise the non-captive changing policy at a later date, an issue on which discovery has not been completed.

Therefore, the court vacates that portion of its September 16, 2010 memorandum and order where the court concluded that plaintiffs' donning and doffing activities are integral and indispensable to plaintiffs' work activities and that such activities, accordingly, commence and complete the continuous workday.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reconsider (doc. 169) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the portion of the court's September 16, 2010 memorandum and order where the court concluded that plaintiffs' donning and doffing activities are integral and indispensable to plaintiffs' work activities and that such activities, accordingly, commence and complete the continuous workday is **vacated.**

**IT IS SO ORDERED.**

Dated this 29th day of October, 2010, at Kansas City, Kansas.

_s/ John W. Lungstrum_____
John W. Lungstrum
United States District Judge